**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**
**DIVISION ONE**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70319-6-I |
| Respondent, | ) | |
| v. | ) | UNPUBLISHED OPINION |
| DWIGHT LLOYD CASADY, | ) | |
| Appellant. | ) | FILED: May 12, 2014 |

PER CURIAM — Dwight Casady appeals his convictions for felony driving under the influence and first degree driving while license suspended. His counsel contends, and Casady argues pro se, that the trial court erred in instructing the jury that it had a "duty to return a verdict of guilty" if it found all the elements of the offense beyond a reasonable doubt. This argument is controlled by our decision in State v. Moore, No. 69766-8-I (Wash. Ct. App. Feb. 18, 2014) and the cases cited therein.

Casady raises several additional arguments in his pro se statement of additional grounds for review. He contends he "wasn't found guilty of a felony DUI by the jury[.] I was found guilty of a misdemeanor DUI . . . ." The jury found Casady guilty of "Driving Under the Influence as charged in Count One." The charge in count one was "Felony DUI."

Casady contends "it was reversible error to admit into evidence Convictions That are over TEN years old." But RCW 46.61.502(6)(b)(i) expressly provides that a person commits felony DUI if "[t]he person has *ever* previously been convicted of: Vehicular

homicide while under the influence . . . , RCW 46.61.520(1)(a)." (Emphasis added.) The parties stipulated that Casady had a prior conviction under RCW 46.61.520(1)(a).

Next, Casady contends he had a right to be present at side bars that occurred during his trial. Casady does not explain why this claim can be raised for the first time on appeal. RAP 2.5(a). Nor does he indicate whether the side bars involved legal or factual matters. See In re Pers. Restraint of Lord, 123 Wn.2d 296, 306, 868 P.2d 835, 870 P.2d 964 (1994) (defendant does not have a constitutional right to be present during in-chambers or bench conferences between the court and counsel on legal matters, at least where those matters "do not require a resolution of disputed facts"); State v. Miller, ___Wn. App. ___, 316 P.3d 1143, 1150 (2014). He thus fails to demonstrate any basis for review or relief.

Finally Casady's claims of ineffective assistance of counsel are either too conclusory to merit discussion, RAP 10.10(c) (appellate court will not consider additional grounds for review that do not adequately inform the court of the nature of the alleged errors), or involve matters outside the record.

Affirmed.

FOR THE COURT:

Spearman, C.J.